CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED for Roanoke
OCT 12 2006
JOHN F. CORCORAN, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| CARLOS E. BROWN, SR., <br> Plaintiff, | Civil Action No. 7:06cv00563 |
| v. | MEMORANDUM OPINION |
| N. STEVENS, et al., <br> Defendants. | By: Hon. Jackson L. Kiser <br> Senior United States District Judge |

Plaintiff Carlos E. Brown, Sr., a Virginia inmate proceeding pro se, brings this action pursuant to 42 U.S.C. § 1983, with jurisdiction vested under 28 U.S.C. § 1343. In his complaint, plaintiff alleges that while incarcerated at the Keen Mountain Correctional Center ("Keen") he has been harmed and is under additional threat of potential physical harm due to sharp corners on a locker in his cell. In plaintiff's view, these "hazardous and harmful living conditions" are a result of defendants' negligence and "constitute wreckless [sic] endangerment." As relief, Brown seeks $10,005 in money damages.

After reviewing plaintiff's complaint, I am of the opinion that Brown has failed to raise any claim of constitutional magnitude. Accordingly, I find that these allegations must be dismissed pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

## I. Claims and allegations

Brown alleges that, on August 15, 2006, he hit his head on the corner of a locker.[1] He alleges that this caused a "one inch gash on the crown of [his] head." He states that he informed prison authorities about the sharp corner, and that they viewed "the hair and skin stuck in the corner of the locker from the injury." He does not allege that the medical care he received for his injury was

---

[1] In his informal complaint, filed in compliance with the prison's grievance procedure, plaintiff specified that the locker is located in his cell, and that he hit his head when getting up from writing a letter.

deficient in any way. He states that, on August 21, 2006, Correctional Officer Hill assured him that a work order would be processed so that the sharp corners would be dealt with. He further states that, on August 23, 2006, Lieutenant Wicks "beat the corners to take away the sharpness with some sort of metal object." Brown adds that, according to Correctional Officer Hill, "Wicks refused to put in a work order to have maintenance rectify this matter properly." In plaintiff's view, "[t]hese actions or lack thereof show negligence and constitute wreckless [sic] endangerment on behalf of the safety supervisor and building supervisor." He claims that, as a "direct result of being housed in what can easily be determined to be hazardous and harmful living conditions, [he] suffered personal injury, [and] endured pain and suffering[,] as well as financial loss." Accordingly, he "exercise[s] [his] right to have this matter addressed through the Federal Court system, seeing that the governing bodies at this institution choose to do nothing to rectify the matter . . . ."

## II. Analysis

A petition may be dismissed under 28 U.S.C. § 1915A(b)(1) if it is clear from the petition that the plaintiff is not entitled to relief. To state a cause of action under § 1983, a plaintiff must establish that he has been deprived of rights guaranteed by the Constitution or laws of the United States and that such deprivation is a result of conduct committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42 (1988). However, a complaint filed by an inmate challenging the conduct of an "officer or employee of a governmental entity" may be dismissed under 28 U.S.C. § 1915A(b)(1) if the complaint is "frivolous, malicious or fails to state a claim upon which relief may be granted."

Brown alleges that what he considers an inadequate response to his complaint about the sharp corners leaves him in "hazardous and harmful living conditions." When a prison official is accused

2

of deliberate indifference to a serious risk of harm, that claim is properly considered under the Eighth Amendment. In its prohibition of cruel and unusual punishment, the Eighth Amendment imposes a duty on prison officials to ensure that inmates receive adequate food, clothing, and medical care and must "take reasonable measures to guarantee the safety of the inmates." Hudson v. Palmer, 468 U.S. 517, 526-27 (1984). When an inmate raises a claim based on failure to protect, the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm and that prison officials have a deliberate indifference to the risk posed to the inmate's health or safety. Farmer v. Brennan, 511 U.S. 825, 835 (1994). Thus, to be liable a prison official must know of and disregard an excessive risk to inmate health and safety. Id. at 837.

While Brown may be able to demonstrate that, because of those corners, he has sustained a serious or significant injury, he cannot demonstrate that he is at risk of a future injury. My review of his complaint indicates that, within eight days, prison officials followed up on his complaint about the sharp corners. Brown admits that Lieutenant Wick remedied the sharpness of the corners. As part of the prison's grievance procedure, Sergeant L. Fields responded to Brown's informal complaint, stating, in part: "[T]he design of the facility, including the bed lockers have met with all local, state and federal safety requirements." As Brown has not presented any evidence to suggest that prison officials have ignored his complaint that the lockers constitute "hazardous and harmful living conditions" at Keen, I find these claims must be dismissed pursuant to 28 U.S.C. § 1915A(b)(1).[2]

### III. Conclusion

---

[2] Additionally, I find absurd Brown's contention that the mere presence of corners merits a complaint of unconstitutional conditions of confinement. As a result of bumping his head, Brown learned of the corners, which should have lessened the likelihood of bumping his head on them again.

3

Based on the foregoing, I find that Lovings has failed to raise any claim of constitutional magnitude. Accordingly, I will dismiss his all claims pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

The plaintiff is advised that he may appeal this decision pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure by filing a notice of appeal with this court within 30 days of the date of entry of this Order, or within such extended period as the court may grant pursuant to Rule 4(a)(5).

The Clerk is directed to send certified copies of this memorandum opinion and accompanying order to plaintiff and to counsel of record for the defendants, if known.

**ENTER:** This 12th day of October, 2006.

/s/ Jackson L. Kiser
Senior United States District Judge